**2011 UT App 44**

**STATE of Utah, in the interest of H.H., A.H., and E.H., persons under eighteen years of age.**

**C.S., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20101018–CA.**

Court of Appeals of Utah.

Feb. 10, 2011.

Colleen K. Coebergh, Salt Lake City, for Appellant Mark L. Shurtleff and Carol L.C. Verdoia, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and THORNE.

DECISION

PER CURIAM:

¶ 1 C.S. (Mother) appeals the termination of her parental rights. We affirm.

¶ 2 Mother asserts that she "disagrees that she falls below the minimal standard of parental fitness required." We construe this issue as a challenge to the sufficiency of the evidence. However, Mother failed to request a transcript of the necessary proceedings and specifically informed this court that transcripts would not assist her in the furtherance of her appeal.

¶ 3 It is an appellant's obligation to provide transcripts of the parts of the proceeding necessary to determine the issues on appeal. *See* Utah R.App. P. 54. Specifically, Rule 54(b) provides that if an appellant intends to assert that a finding or conclusion is unsupported by, or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion. *See id.* R. 54(b). "Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript." *Id.*

¶ 4 In the absence of an adequate record, this court cannot reach the issues presented for appeal. "Parties claiming error below and seeking appellate review have the duty and responsibility to support their

allegations with an adequate record." *Gorostieta v. Parkinson*, ¶ 16, 17 P.3d 1110 (Utah 2000). Where, as in this case, a record on appeal is inadequate, this court must assume the regularity of the proceedings below. *See id.*

¶ 5 The juvenile court determined that Mother was an unfit and incompetent parent that substantially neglected and willfully refused, or was unwilling, to remedy the circumstances that caused the children to be in an out-of-home placement. The juvenile court found sufficient evidence that Mother made only token efforts to support her children, and to eliminate the risk of serious physical, mental, or emotional abuse. The juvenile court also determined that there was clear and convincing evidence that it was in the children's best interests to terminate Mother's parental rights so that they may be adopted by parents that will provide a stable, loving environment.

¶ 6 Absent a complete record, this court cannot reach Mother's assertion that the juvenile court erred by determining that she fell below the minimal standard of parental fitness because such assertion stands as a unilateral allegation which the reviewing court has no power to determine. *See State v. Penman*, 964 P.2d 1157, 1162 (Utah Ct. App.1998).

¶ 7 Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.