IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of R.C., N.C., and Z.C., persons under eighteen years of age. | ) ) ) ) ) | PER CURIAM DECISION<br><br>Case No. 20120658-CA |
| _____ | ) | |
| | ) | F I L E D |
| A.C., | ) | (November 1, 2012) |
|      Appellant, | ) | |
| v. | ) | 2012 UT App 311 |
| | ) | |
| State of Utah, | ) | |
| | ) | |
|      Appellee. | ) | |

-----

Second District Juvenile, Ogden Department, 1047485
The Honorable Jeffrey J. Noland

Attorneys:      Jonathan B. Pace, Ogden, for Appellant
                Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
                Martha Pierce, Salt Lake City, Guardian Ad Litem

-----

Before Judges Orme, Thorne, and Christiansen.

¶1      A.C. (Mother) appeals the termination of her parental rights. We affirm.

¶2      Mother asserts that the juvenile court erred when it determined that it was in the children's best interests to terminate her parental rights. We construe this issue as a challenge to the sufficiency of the evidence. However, Mother failed to request transcripts of the necessary proceedings, and she informed this court that transcripts would not assist her in the furtherance of her appeal.

¶3      It is an appellant's obligation to provide transcripts of the parts of the proceeding necessary to determine the issues on appeal. *See* Utah R. App. P. 54. Pursuant to rule 54(b), if an appellant intends to assert that a finding or conclusion is unsupported by, or

is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion. *See id.* "Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript." *Id.*

¶4      In the absence of an adequate record, this court cannot reach the issues presented for appeal. "Parties claiming error below and seeking appellate review have the duty and responsibility to support their allegations with an adequate record." *Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d 1110. Where, as in this case, a record on appeal is inadequate, this court must assume the regularity of the proceedings below. *See id.*

¶5      The juvenile court determined that Mother was an unfit parent due to her continued drug abuse or failure to participate in drug testing, and that Mother has been unable or unwilling to remedy the circumstances that caused the children to be in an out-of-home placement. The juvenile court found sufficient evidence that Mother made only token efforts to support her children and to eliminate the risk of serious physical, mental, or emotional abuse. The juvenile court also determined that there was clear and convincing evidence that it was in the children's best interests to terminate Mother's parental rights so that they may be adopted by parents that will provide a stable, loving environment.

¶6      Absent a complete record, this court cannot reach Mother's assertion that the juvenile court erred by determining that it was in the children's best interests to terminate Mother's parental rights.

¶7      Accordingly, the juvenile court's order terminating Mother's parental rights is affirmed.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge